

2014 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2014

# USA v. Barry Hall, Jr.

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-4130

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2014

Recommended Citation

"USA v. Barry Hall, Jr." (2014). *2014 Decisions.* Paper 483.
http://digitalcommons.law.villanova.edu/thirdcircuit_2014/483

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2014 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4130
_____

UNITED STATES OF AMERICA

v.

BARRY W. HALL, JR.,

Appellant
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 1:13-cr-00005-001)
District Judge: Honorable Richard G. Andrews
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 30, 2014
_____

Before: CHAGARES, GREENAWAY, JR., and VANASKIE, *Circuit Judges*.

(Opinion Filed: May 8, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge*.

Appellant Barry Hall entered a conditional plea of guilty to failing to register as a

sex offender, in violation of the Sex Offender Registration and Notification Act

("SORNA"), Pub. L. No. 109-248, 120 Stat. 587, 590–611 (2006) (codified primarily at

18 U.S.C. § 2250(a) & 42 U.S.C. § 16901–16962.). Under the terms of the plea, Hall reserved the right to appeal the District Court's denial of his motion to dismiss, which was predicated on the theory that § 16913(d) of SORNA violates the nondelegation doctrine. Because that argument is foreclosed by our recent opinion in *United States v. Cooper*, No. 13-2324, 2014 WL 1386816, at *1 (3d Cir. Apr. 10, 2014), we will affirm the District Court's denial of Hall's motion.

I.

The facts essential to our decision can be briefly stated. In 1993, in the State of Delaware, Hall was convicted of unlawful sexual intercourse in the third degree. (PSR ¶ 9.) In 1999, again in Delaware, Hall was convicted of rape in the fourth degree. (PSR ¶ 10.) Although both convictions preceded the enactment of SORNA in 2006, later administrative rules promulgated by the Attorney General applied SORNA's requirements to individuals, such as Hall, whose qualifying sex-offense convictions predated the statute. *See* Applicability of the Sex Offender Registration and Notification Act, 75 Fed. Reg. 81853-01 (Dec. 29, 2010).

In July 2011, Hall moved to West Virginia, where he enrolled in the West Virginia sex offender registry. (PSR ¶ 13.) In October 2012, West Virginia authorities learned that Hall no longer resided at the address he had provided to them. (PSR ¶ 18.) On November 18, 2012, police arrested Hall in Delaware, where he was again residing. (PSR ¶ 23.) Hall failed to re-register as a sex offender in Delaware at any point between

2

July 2011 and the date of his arrest. (PSR ¶ 24.)

On January 22, 2013, Hall was indicted by a federal grand jury on one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). On April 3, 2013, Hall filed a motion to dismiss the indictment, which the District Court denied in an order filed April 23, 2013. On June 10, 2013, Hall entered a conditional plea of guilty to the indictment. On October 11, 2013, the District Court imposed a sentence of 33 months' imprisonment, 5 years of supervised release, and a $100 special assessment. Hall filed a timely notice of appeal.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a challenge to the constitutionality of a statute. *United States v. Pendleton*, 636 F.3d 78, 82 (3d Cir. 2011).

## III.

Hall's sole argument on appeal is that § 16913(d) of SORNA[1] violates the non-delegation doctrine, which requires Congress to provide, at a minimum, an "intelligible principle" to guide the Attorney General in the exercise of delegated rulemaking authority. *Touby v. United States*, 500 U.S. 160, 165 (1991) (quoting *J.W. Hampton, Jr. & Co. v. United States*, 276 U.S. 394, 409 (1928)). We held this matter C.A.V. pending

---

[1] That provision states: "The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before [July 27, 2006] . . . ." 42 U.S.C. § 16913(d).

our decision in *United States v. Cooper*, No. 13-2324, which, the parties agree, presented "the same non-delegation challenge" pressed here by Hall. Appellant's Br. at 12; *see also* Appellee's Br. at 5.

We have since decided the *Cooper* case. *See* No. 13-2324, 2014 WL 1386816, at *1 (3d Cir. Apr. 10, 2014). Like our sister circuits which have considered the issue, we rejected the non-delegation challenge to SORNA. *Id.* at *9 n.6 (citing *United States v. Goodwin*, 717 F.3d 511, 516–17 (7th Cir.), *cert. denied*, __ U.S. __, 134 S. Ct. 334 (2013); *United States v. Kuehl*, 706 F.3d 917, 919–20 (8th Cir. 2013); *United States v. Parks*, 698 F.3d 1, 7–8 (1st Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 2021 (2013); *United States v. Felts*, 674 F.3d 599, 606 (6th Cir. 2012); *United States v. Rogers*, 468 F. App'x 359, 362 (4th Cir. 2012) (not precedential); *United States v. Guzman*, 591 F.3d 83, 92–93 (2d Cir.), *cert. denied*, 130 S. Ct. 3487 (2010); *United States v. Whaley*, 577 F.3d 254, 263–64 (5th Cir. 2009); *United States v. Ambert*, 561 F.3d 1202, 1213–14 (11th Cir. 2009)). Accordingly, the District Court was correct in denying the motion to dismiss.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment entered on October 11, 2013.